# UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
WARREN B. RUDMAN U.S. COURTHOUSE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

**OFFICE OF THE CLERK**
James R. Starr
Clerk of Court

Telephone
603-225-1423

July 28, 2005

Sarah Thornton, Clerk
U.S. District Court
One Courthouse Way
Boston, MA 02110

Re:    NH Case Nos.:  Case No. 97-cr-101-01-SM and 97-cr-147-01-SM, US v.
       Kenneth Lamarche
       Your Case No.:  05-cr-10177 __ $DPW$

The above cases have been transferred to your jurisdiction pursuant to a Transfer of Jurisdiction.

We enclose the following items:

        certified copy of the docket sheet
        certified copies of file documents

There is an outstanding restitution obligation.  A copy of the ledger is enclosed.

Please acknowledge receipt on the copy of this letter provided and return in the reply envelope enclosed.

                        Very truly yours,

                        James R. Starr, Clerk

                        By:  Judith Barrett
                        Judith Barrett
                        Deputy Clerk

Enclosures

cc:    James Bernier, USPO
       Robert Kinsella, AUSA
       Financial Administrator

CLOSED

## U.S. District Court
## District of New Hampshire (Concord)
## CRIMINAL DOCKET FOR CASE #: 1:97-cr-00147-SM-ALL

Case title: USA v. Lamarche                    Date Filed: 12/15/1997

Assigned to: Chief Judge Steven J.
McAuliffe

### Defendant

**Kenneth Lamarche** (1)          represented by **Michael J. Sheehan**
*TERMINATED: 04/06/1998*                        Sheehan Law Office
                                                58 Pleasant St
                                                Concord, NH 03301
                                                603 225-5240
                                                Email: msheehan@usa.net
                                                *TERMINATED: 04/06/1998*
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                Designation: *CJA Appointment*

### Pending Counts                 ### Disposition

                                    Deft is hereby committed to the custody
                                    of the Bureau of Prisons for a term of
                                    33 months to run concurrently w/the
                                    sentence imposed in CR.97-101-01-M;
                                    Supervised release for a period of 3
                                    years to run concurrent w/the sentence
                                    imposed in CR.97-101-01 -M
                                    w/standard conditions; Special
                                    Conditions, to provide any financial
18:1029 INTENT TO DEFRAUD           information to US Probation, to
TRAFFIC IN UNAUTHORIZED             participate in a mental health treatment
ACCESS DEVICE                       program as directed by US Probation;
(1)                                 Fine waived due to inability to pay;
                                    Special Penalty Assessment $ ;100;
                                    Restitution: AVCO Financial
                                    $1,499.99, Lechmere $995.66; SPS
                                    Payment $483.81; Remanded to the
                                    custody of the US Marshall.

### Highest Offense Level (Opening)

Felony

**Terminated Counts**                           **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                  **Disposition**

None

---

**Plaintiff**

**USA**                          represented by **Robert M. Kinsella**
                                                 US Attorney's Office (NH)
                                                 James C. Cleveland Federal Building
                                                 53 Pleasant St, 4th Flr
                                                 Concord, NH 03301-0001
                                                 603 225-1552
                                                 Email: robert.kinsella@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/15/1997 | | Arrest WARRANT issued as to Kenneth Lamarche ; original warrant and copies to US Marshal and US Probation (amm) (Entered: 12/15/1997) |
| 12/15/1997 | | Re Kenneth Lamarche: Change of plea hearing set for 10:00 12/30/97 for Kenneth Lamarche before Judge Steven J. McAuliffe ;; location: Warren Rudman Courthouse (amm) (Entered: 12/15/1997) |
| 12/15/1997 | 3 | Plea Agreement as to Kenneth Lamarche (amm) (Entered: 12/15/1997) |
| 12/15/1997 | 1 | INFORMATION as to Kenneth Lamarche (1) count(s) 1 Added AUSA . (amm) (Entered: 05/06/1998) |
| 12/15/1997 | 2 | Praecipe for Warrant as to Kenneth Lamarche (amm) (Entered: 05/06/1998) |
| 12/17/1997 | 4 | FINANCIAL AFFIDAVIT by Kenneth Lamarche (amm) (Entered: 12/17/1997) |
| 12/17/1997 | | ENDORSED ORDER as to Kenneth Lamarche granting [4-1] financial affidavit ( Entered by Magistrate Judge James R. Muirhead ) (amm) (Entered: 12/17/1997) |
| 12/17/1997 | 5 | CJA 20 for Kenneth Lamarche ; Appointment of Michael J. Sheehan as court appointed counsel; Voucher # 0853556 ; Review case for submission of final voucher by 6/15/98 for Michael J. Sheehan (Signed |

| | | |
|---|---|---|
| | | by James R. Starr,Clerk) (amm) (Entered: 12/17/1997) |
| 12/22/1997 | | Re Lamarche: Change of plea hearing reset for 2:00 1/5/98 for Kenneth Lamarche before Judge Steven J. McAuliffe ;; location: Warren Rudman Courthouse (amm) (Entered: 12/22/1997) |
| 12/30/1997 | 6 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Kenneth Lamarche (amm) (Entered: 12/31/1997) |
| 12/31/1997 | | WRIT of Habeas Corpus ad Prosequendum issued as to Kenneth Lamarche for 1/5/98 (amm) (Entered: 12/31/1997) |
| 01/05/1998 | 7 | WRIT of Habeas Corpus ad Prosequendum executed as to Kenneth Lamarche on 1/5/98 (amm) (Entered: 01/06/1998) |
| 01/05/1998 | 8 | Arrest WARRANT Returned Executed on 1/5/98 as to Kenneth Lamarche (amm) (Entered: 01/06/1998) |
| 01/05/1998 | | Re Kenneth Lamarche: INITIAL APPEARANCE held before Judge Steven J. McAuliffe in Ctrm #5. Court Reporter/Tape #: D. Churas (amm) (Entered: 05/06/1998) |
| 01/05/1998 | 9 | WAIVER OF INDICTMENT by Kenneth Lamarche (amm) (Entered: 05/06/1998) |
| 01/05/1998 | | Re Kenneth Lamarche: Waiver of Indictment/Plea to Information held ; Plea of Guilty by Kenneth Lamarche (1) count(s) 1 ; Court accepts plea; held before Judge Steven J. McAuliffe in Ctrm #5. Court Reporter: D. Churas (amm) (Entered: 05/06/1998) |
| 01/05/1998 | | RE Kenneth Lamarche: SENTENCING set for 10:00 4/6/98 for Kenneth Lamarche Kenneth Lamarche (1) count(s) 1 before Judge Steven J. McAuliffe in Warren Rudman Courthouse. (amm) (Entered: 05/06/1998) |
| 03/19/1998 | 10 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Kenneth Lamarche (amm) (Entered: 05/06/1998) |
| 03/20/1998 | | WRIT of Habeas Corpus ad Prosequendum issued as to Kenneth Lamarche for 4/6/98 (amm) (Entered: 05/06/1998) |
| 04/02/1998 | 11 | WRIT of Habeas Corpus ad Prosequendum returned unexecuted as to Kenneth Lamarche (amm) (Entered: 05/06/1998) |
| 04/06/1998 | | RE Kenneth Lamarche: SENTENCING held Kenneth Lamarche (1) count(s) 1 before Judge Steven J. McAuliffe in Ctrm #5. Court Reporter/Tape #: D. Wildfeuer (amm) (Entered: 05/06/1998) |
| 04/06/1998 | 12 | JUDGMENT Kenneth Lamarche (1) count(s) 1. Deft is hereby committed to the custody of the Bureau of Prisons for a term of 33 months to run concurrently w/the sentence imposed in CR.97-101-01-M; Supervised release for a period of 3 years to run concurrent w/the sentence imposed in CR.97-101-01-M w/standard conditions; Special Conditions, to provide any financial information to US Probation, to participate in a mental health treatment program as directed by US Probation; Fine waived due to inability to pay; Special Penalty |

|  |  | Assessment \$100; Restitution: AVCO Financial \$1,499.99, Lechmere \$995.66; SPS Payment \$483.81; Remanded to the custody of the US Marshall. ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 05/06/1998) |
| 04/06/1998 |  | **Case closed as to Kenneth Lamarche (all defendants). (amm) (Entered: 05/06/1998) |
| 04/06/1998 |  | Termination of party Kenneth Lamarche pending deadlines and pending motions as to Kenneth Lamarche (amm) (Entered: 08/03/1998) |
| 05/14/1998 | 13 | FINAL CJA 20 Authorization to pay Michael J. Sheehan for defendant Kenneth Lamarche , Amount: \$ 0 re: [5-1] ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 05/14/1998) |
| 06/09/1998 | 14 | Judgment Returned Executed as to Kenneth Lamarche on 5/27/98 (amm) (Entered: 06/09/1998) |
| 01/28/2000 |  | NOTICE of Ledger Entry: Special Penalty Assessment & Restitution by Kenneth Lamarche Acct Status: Paid in Full. Original ledger retained by Financial Division. (amm) (Entered: 01/28/2000) |
| 03/21/2001 |  | RE ALL: FILE located at National Archives and Records Administration (NARA) Waltham, MA. : Accession No: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, Location No: 0122725, Box No: 4. (bc) (Entered: 03/21/2001) |
| 07/25/2005 | ●15 | Probation Jurisdiction Transferred to District of Massachusetts as to Kenneth Lamarche. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (jab, ) (Entered: 07/28/2005) |

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Dec 15   5 50 AM '97

**UNITED STATES OF AMERICA**

    **v.**

**KENNETH LAMARCHE,**

    **Defendant.**

Criminal No.   *97-147-01-M*

Violation: 18 U.S.C. §§ 1029(a)(2) and (e)(1)

## INFORMATION

### COUNT ONE

THE UNITED STATES ATTORNEY charges:

From in and around January, 1997 and continuing to in and around August, 1997,  in the

District of New Hampshire and elsewhere, the defendant,

### KENNETH LAMARCHE,

did knowingly and with intent to defraud traffick in and used more than one unauthorized access

device (as defined in Title 18, United States Code, Section 1029 (e) (1)) and by such conduct

obtained goods and services with an aggregate value of $1000.00 or more during a one year

period, said conduct having an affect on interstate commerce.

All in violation of Title 18, United States Code, Sections 1029 (a) (2) and (e)(1).

PAUL M. GAGNON
United States Attorney

By: Robert M. Kinsella

Robert M. Kinsella
Assistant United States Attorney

Dated: December 15, 1997

CERTIFIED TO BE A TRUE COPY
BY: JAMES R. STARR
DEPUTY CLERK

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

# United States District Court

## District of New Hampshire

**Apr 6   12 25 PM '98**

UNITED STATES OF AMERICA
v.
**Kenneth Lamarche**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number:  **1:97CR00147-001**

**Michael J. Sheehan, Esq.**
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s)   **1**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1029 (e)(1) | Unauthorized Use of an Access Device | 08/31/1997 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  **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**
Defendant's Date of Birth:  **02/14/1969**
Defendant's USM No.:  **21718-038**
Defendant's Residence Address:

**16 Hazelwood Street, Apt. #4**

**Dracut**          **MA**      **01826**

Defendant's Mailing Address:

**16 Hazelwood Street, Apt. #4**

**Dracut**          **MA**      **01826**

**04/06/1998**
Date of Imposition of Judgment

Signature of Judicial Officer

**Steven J. McAuliffe**

**U.S. District Judge**
Name & Title of Judicial Officer

*April 6, 1998*
Date



AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

DEFENDANT:      **Kenneth Lamarche**

CASE NUMBER:    **1:97CR00147-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____33____ **month(s)** _____.

**To be served concurrently with the sentence imposed in Docket #CR.97-101-01-M.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __3__ of __7__

DEFENDANT:     **Kenneth Lamarche**
CASE NUMBER:   **1:97CR00147-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____3____ **year(s)** .

**All such terms to run concurrently with the sentence imposed in CR.97-101-01-M.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page    4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page   4   of   7  

DEFENDANT:     **Kenneth Lamarche**

CASE NUMBER:    **1:97CR00147-001**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __5__ of __7__

DEFENDANT:     **Kenneth Lamarche**

CASE NUMBER:     **1:97CR00147-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $        100.00 | $ | $        2,979.46 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .     $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ **0.00** .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **AVCO Financial** | | $1,499.99 | |
| **Lechmere** | | $995.66 | |
| **SPS Payment** | | $483.81 | |
| | Totals:  $ _____ | $ ___ 2,979.46 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monete   nalties

DEFENDANT:      **Kenneth Lamarche**

CASE NUMBER:    **1:97CR00147-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ☐   in full immediately; or

B   ☒   $ ____100.00____ immediately, balance due (in accordance with C, D, or E); or

C   ☐   not later than _____; or

D   ☒   in installments to commence ___30___ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____
         over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**All financial penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord NH 03301. Payment shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court. Personal checks are not acceptable.**

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Judgment-Page ___7___ of ___7___

DEFENDANT:      **Kenneth Lamarche**

CASE NUMBER:    **1:97CR00147-001**

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

## Guideline Range Determined by the Court:

Total Offense Level:      **13**

Criminal History Category:      **6**

Imprisonment Range:      **33 to 41 months**

Supervised Release Range:      **3 to 5 years**

Fine Range:  $ _____**4,000.00**_____ to $ ___**1,000,000.00**___

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $ _____**2,979.46**_____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

CLOSED

## U.S. District Court
## District of New Hampshire (Concord)
## CRIMINAL DOCKET FOR CASE #: 1:97-cr-00101-SM-ALL

Case title: USA v. Lamarche                    Date Filed: 08/14/1997

Assigned to: Chief Judge Steven J.
McAuliffe

### Defendant

**Kenneth Lamarche** (1)
*TERMINATED: 04/06/1998*

represented by **Michael J. Sheehan**
Sheehan Law Office
58 Pleasant St
Concord, NH 03301
603 225-5240
Email: msheehan@usa.net
*TERMINATED: 04/06/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*



### Pending Counts

18:1014 FALSE STATEMENTS TO A
FEDERALLY INSURED FINANCIAL
INSTITUTION
(1)

### Disposition

Deft is hereby committed to the custody
of the Bureau of Prisons for a term of
33 months on each count to be served
concurrently; Supervised Release for a
term of 33 months on each count to run
concurrently w/standard conditions;
Special Conditions, to provide financial
information to US Probation; to
participate in a mental health treatment
program as directed by US Probation;
Fine waived due to inability to pay;
Special Penalty Assessment $300;
Restitution: People's Heritage Bank
&#0 36;5,113.22; Seaco Insurance Co.
$4,350; Remanded to the custody of the
US Marshall.

Deft is hereby committed to the custody
of the Bureau of Prisons for a term of
33 months on each count to be served
concurrently; Supervised Release for a
term of 33 months on each count to run
concurrently w/standard conditions;

| | |
|---|---|
| 18:2312 INTERSTATE TRANSPORTATION OF STOLEN VEHICLES (3) | Special Conditions, to provide financial information to US Probation; to participate in a mental health treatment program as directed by US Probation; Fine waived due to inability to pay; Special Penalty Assessment $300; Restitution: People's Heritage Bank &#0 36;5,113.22; Seaco Insurance Co. $4,350; Remanded to the custody of the US Marshall. |
| 18:2314 INTERSTATE TRANSPORTATION OF STOLEN PROPERTY (4) | Deft is hereby committed to the custody of the Bureau of Prisons for a term of 33 months on each count to be served concurrently; Supervised Release for a term of 33 months on each count to run concurrently w/standard conditions; Special Conditions, to provide financial information to US Probation; to participate in a mental health treatment program as directed by US Probation; Fine waived due to inability to pay; Special Penalty Assessment $300; Restitution: People's Heritage Bank &#0 36;5,113.22; Seaco Insurance Co. $4,350; Remanded to the custody of the US Marshall. |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                      **Disposition**

18:1014 FALSE STATEMENTS TO A FEDERALLY INSURED FINANCIAL INSTITUTION (2)                                             Dismissed.

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                             **Disposition**

None

**Plaintiff**

**USA**                          represented by **Robert M. Kinsella**
                                 US Attorney's Office (NH)

James C. Cleveland Federal Building
53 Pleasant St, 4th Flr
Concord, NH 03301-0001
603 225-1552
Email: robert.kinsella@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/14/1997 | 1 | SEALED INDICTMENT as to Kenneth Lamarche (1) count(s) 1-2, 3, 4 Added AUSA Robert M. Kinsella. (bc) (Entered: 08/14/1997) |
| 08/14/1997 | 2 | Praecipe for Warrant as to Kenneth Lamarche (bc) (Entered: 08/14/1997) |
| 08/14/1997 | | Arrest WARRANT issued as to Kenneth Lamarche ; original warrant and copies to US Marshal and US Probation (bc) (Entered: 08/14/1997) |
| 08/15/1997 | | Indictment unsealed as to Kenneth Lamarche. Defendant arrested in District of Massachusetts this date. (jeb) (Entered: 08/15/1997) |
| 08/22/1997 | | Re Kenneth Lamarche: INITIAL APPEARANCE held Arraignment set for 2:00 8/27/97 for Kenneth Lamarche ; Detention Hearing set for 2:00 8/27/97 for Kenneth Lamarche before Judge Steven J. McAuliffe in Courtroom #5. Court Reporter/Tape #: 3187-3616 (amm) (Entered: 08/22/1997) |
| 08/22/1997 | 3 | FINANCIAL AFFIDAVIT by Kenneth Lamarche (amm) (Entered: 08/22/1997) |
| 08/22/1997 | | ENDORSED ORDER as to Kenneth Lamarche granting [3-1] financial affidavit as to Kenneth Lamarche (1); Deft may be requested to make reimbursement of atty's fees subject to review by Magistrate Judge. Deft may submit amended financial declaration for review by Magistrate Judge. ( Entered by Judge Steven J. McAuliffe ) (amm) Modified on 08/28/1997 (Entered: 08/22/1997) |
| 08/22/1997 | 4 | ORDER OF TEMPORARY DETENTION Pending Hearing Pursuant to Bail Reform Act as to Kenneth Lamarche . ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 08/22/1997) |
| 08/22/1997 | 5 | CJA 20 for Kenneth Lamarche ; Appointment of Michael J. Sheehan as court appointed counsel; Voucher # 0853264. ; Review case for submission of final voucher by 2/18/98 for Michael J. Sheehan (Signed by James R. Starr,Clerk) (amm) (Entered: 08/22/1997) |
| 08/22/1997 | 6 | AMENDED FINANCIAL AFFIDAVIT by Kenneth Lamarche (amm) (Entered: 08/22/1997) |
| 08/27/1997 | | Re Kenneth Lamarche: ARRAIGNMENT held before Magistrate Judge Muirhead in Courtroom B. Defendant advised of rights. Defendant waived reading of indictment. Plea of not guilty Kenneth Lamarche Count(s) 1-2, 3, 4. Government is seeking detention. Defendant waived |

| | | |
|---|---|---|
| | | right to a detention hearing without prejudice, and stipulated to detention. Stipulation/waiver executed. Trial date set for 10/7/97 with an estimated length of trial 3-4 days. Court Reporter/Tape #: B:8 (711-962) (jeb) Modified on 08/28/1997 (Entered: 08/28/1997) |
| 08/27/1997 | | ENDORSED ORDER as to Kenneth Lamarche granting [6-1] amended financial affidavit as to Kenneth Lamarche (1); No reimbursement of atty's fees will be required. ( Entered by Magistrate Judge James R. Muirhead ) (amm) (Entered: 08/28/1997) |
| 08/27/1997 | 7 | NOTICE of Appearance for Kenneth Lamarche by Attorney (amm) (Entered: 08/28/1997) |
| 08/27/1997 | 8 | Stipulation to Detention & Waiver of Detention Hearing as to Kenneth Lamarche (amm) (Entered: 08/28/1997) |
| 08/28/1997 | | Re Kenneth Lamarche: TRIAL NOTICE. Final Pretrial Conference set for 3:00 10/1/97 ; Jury Trial set for 2-week period beginning 10:00 10/7/97 ; ( before Judge Steven J. McAuliffe ) (amm) (Entered: 08/28/1997) |
| 09/03/1997 | 9 | Arrest WARRANT Returned Executed on 8/21/97 as to Kenneth Lamarche (amm) (Entered: 09/04/1997) |
| 09/29/1997 | 10 | ASSENTED MOTION by Kenneth Lamarche of Continuance in Interests of Justice the trial waiver of speedy trial attached. (amm) (Entered: 09/29/1997) |
| 09/30/1997 | 11 | ORDER as to Kenneth Lamarche granting [10-1] motion of Continuance in Interests of Justice the trial reset Jury Trial for 10:00 11/4/97 for Kenneth Lamarche , reset Final Pretrial Conference for 3:30 10/23/97 for Kenneth Lamarche ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 10/01/1997) |
| 09/30/1997 | | ENDORSED ORDER as to Kenneth Lamarche granting [10-1] motion to continue trial/final pretrial conference ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 10/01/1997) |
| 10/21/1997 | 12 | ASSENTED TO MOTION by Kenneth Lamarche of Continuance in Interests of Justice Final Pretrial and Trial until after 12/15/97 (amm) (Entered: 10/22/1997) |
| 10/22/1997 | 13 | ORDER as to Kenneth Lamarche granting [12-1] motion of Continuance in Interests of Justice Final Pretrial and Trial until after 12/15/97 Time Excluded from 11/6/97 to 1/6/98 as to Kenneth Lamarche (1), re Jury Trial for 10:00 1/6/98 for Kenneth Lamarche , set Pretrial Conference for 4:30 12/16/97 for Kenneth Lamarche , set Notice of Compliance deadline to 10/30/97 for Kenneth Lamarche to file waiver of speedy trial ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 10/23/1997) |
| 10/31/1997 | 14 | WAIVER of Speedy Trial by Kenneth Lamarche (amm) (Entered: 11/04/1997) |
| 12/12/1997 | | Re Kenneth Lamarche: Change of plea hearing set for 10:00 12/30/97 |

| | | before Judge Steven J. McAuliffe ; location: Warren Rudman Courthouse (amm) (Entered: 12/12/1997) |
|---|---|---|
| 12/15/1997 | 15 | Plea Agreement as to Kenneth Lamarche (amm) (Entered: 12/15/1997) |
| 12/22/1997 | | Re Lamarche: Change of plea hearing reset for 2:00 1/5/98 for Kenneth Lamarche before Judge Steven J. McAuliffe ;; location: Warren Rudman Courthouse (amm) (Entered: 12/22/1997) |
| 01/05/1998 | | Re Kenneth Lamarche: Change of plea hearing held ; Plea of Guilty by Kenneth Lamarche (1) count(s) 1, 3, 4 ; Court accepts plea; held before Judge Steven J. McAuliffe ; Court Reporter D. Churas; location: Courtroom #5 (amm) (Entered: 01/06/1998) |
| 01/06/1998 | | RE Kenneth Lamarche: SENTENCING set for 10:00 4/6/98 for Kenneth Lamarche (1) count(s) 3, 4, 1 before Judge Steven J. McAuliffe in Warren Rudman Courthouse. (amm) (Entered: 01/06/1998) |
| 04/06/1998 | | RE Kenneth Lamarche: SENTENCING held Kenneth Lamarche (1) count(s) 1, 3, 4 before Judge Steven J. McAuliffe in Ctrm#5. Court Reporter: D. Wildfeuer (amm) (Entered: 04/06/1998) |
| 04/06/1998 | | MOTION in open court by USA as to Kenneth Lamarche to Dismiss Count 2 (amm) (Entered: 04/06/1998) |
| 04/06/1998 | | ORAL ORDER as to Kenneth Lamarche granting [0-0] oral motion to Dismiss Count 2 as to Kenneth Lamarche (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 04/06/1998) |
| 04/06/1998 | | DISMISSAL of Count(s) on Government Motion as to Kenneth Lamarche Counts Dismissed: Kenneth Lamarche (1) count(s) 2 (amm) (Entered: 04/06/1998) |
| 04/06/1998 | 16 | JUDGMENT Kenneth Lamarche (1) count(s) 1, 3, 4 . Deft is hereby committed to the custody of the Bureau of Prisons for a term of 33 months on each count to be served concurrently; Supervised Release for a term of 33 months on each count to run concurrently w/standard conditions; Special Conditions, to provide financial information to US Probation; to participate in a mental health treatment program as directed by US Probation; Fine waived due to inability to pay; Special Penalty Assessment $300; Restitution: People's Heritage Bank $5,113.22; Seaco Insurance Co. $4,350; Remanded to the custody of the US Marshall. , Kenneth Lamarche (1) count(s) 2. Dismissed. ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 04/06/1998) |
| 04/06/1998 | | **Case closed as to Kenneth Lamarche (all defendants). (amm) (Entered: 04/06/1998) |
| 04/06/1998 | | Termination of party Kenneth Lamarche pending deadlines and pending motions as to Kenneth Lamarche (amm) (Entered: 08/03/1998) |
| 04/30/1998 | 17 | AMENDED JUDGMENT: Clerical error. Kenneth Lamarche (1) count (s) 1, 3, 4 . Deft is hereby committed to the custody of the Bureau of Prisons for a term of 33 months on each count to be served concurrently; |

| | | |
|---|---|---|
| | | Supervised Release for a term of 33 months on each count to run concurrently w/standard conditions; Special Conditions, to provide financial information to US Probation; to participate in a mental health treatment program as directed by US Probation; Fine waived due to inability to pay; Special Penalty Assessment $300; Restitution: People's Heritage Bank $5,113.22; Seaco Insurance Co. $4,350; Remanded to the custody of the US Marshall. , Kenneth Lamarche (1) count(s) 2. Dismissed. Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 05/01/1998) |
| 05/14/1998 | 18 | FINAL CJA 20 Authorization to pay Michael J. Sheehan for defendant Kenneth Lamarche , Amount: $ 2231.84 re: [5-1] ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 05/14/1998) |
| 06/09/1998 | 19 | Judgment Returned Executed as to Kenneth Lamarche on 5/27/98 (amm) (Entered: 06/09/1998) |
| 06/09/1998 | | **Remove trial set flag (amm) (Entered: 06/09/1998) |
| 01/28/2000 | | NOTICE of Ledger Entry: Special Penalty Assessment & Restitution by Kenneth Lamarche Acct Status: Paid in Full. Original ledger retained by Financial Division. (amm) (Entered: 01/28/2000) |
| 03/15/2001 | | RE All: FILE located at National Archives and Records Administration (NARA) Waltham, MA. : Accession No:02 - 01-0016, Location No: A0122724, Box No: 3. (jeb) (Entered: 03/15/2001) |
| 07/25/2005 | ◑20 | Probation Jurisdiction Transferred to District of Massachusetts as to Kenneth Lamarche. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (jab, ) (Entered: 07/28/2005) |

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

Aug 14  12 15 PM '97

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **United States of America** ) | |
| ) | Criminal No. 97 - 104 - 01 - M |
| **v.** ) | |
| ) | Violations: 18 U.S.C. § 1014 (Two Counts) |
| **Kenneth Lamarche,** ) | 18 U.S.C. § 2312 |
| ) | 18 U.S.C. § 2314 |
| **Defendant.** ) | |

### INDICTMENT

THE GRAND JURY charges that at all times relevant to this Indictment:

### Count I
### (18 U.S.C. §1014)
### [False Statement to a Federally Insured Financial Institution]

1. KENNETH LAMARCHE ("the defendant'), was a resident of Nashua, New Hampshire. From in and around September 1991 to in and around August 1996, the defendant was employed by Emmanuel Brothers Landscape and Construction Company ("Emmanuel Brothers"). During that time the defendant worked and socialized with an Emmanuel Brothers' employee named Sean Duggan.

2. The Bank of New Hampshire ("BNH") was a financial institution with branch offices that were located in, among other places, Manchester, New Hampshire. The deposits of BNH were insured by the Federal Deposit Insurance Corporation.

3. Nault's Windham Honda (Nault's") was a motorcycle dealership located in Windham, New Hampshire.

4. On or about April 9, 1997, the defendant falsely informed a salesperson who was employed by Nault's that the defendant's name was Sean Duggan.

CERTIFIED TO BE A TRUE COPY
JAMES R. STARR, CLERK

BY: _Judith G. Barrett_
DEPUTY CLERK

5. On or about April 9, 1997, the defendant, using the name Sean Duggan, agreed to purchase a 1997 Honda CBR 900 Motorcycle (Vehicle Identification Number JH2SC3306VM103007) ("the motorcycle"), from Nault's for approximately $10,000.00. The defendant financed that transaction, in part, by obtaining a loan in the approximate amount of $10,000.00 from BNH ("the $10,000 loan").

6. On or about April 9, 1997, the defendant submitted and caused to be submitted a credit application to BNH ('the credit application") in which he falsely and fraudulently identified himself as Sean Duggan in order to cause and induce BNH to approve the defendant's request for the $10,000 loan.

7. On or about April 9, 1997, in the District of New Hampshire and elsewhere, the defendant,

**KENNETH LAMARCHE,**

did knowingly and intentionally make and caused to be made a material false statement and report for the purpose of influencing the action of BNH in connection with the defendant's application for the $10,000 loan, in that the defendant submitted and caused the credit application to be submitted to BNH in order to give BNH the false impression that BNH was making the $10,000 loan to Sean Duggan.

All in violation of Title 18, United States Code, Section 1014.

18:1014, F

2

## COUNT II
### 18 U.S.C. § 1014
### [False Statements to a Federally Insured Financial Institution]

8.  Paragraphs 1 through 5 of this Indictment are realleged and incorporated as if set forth in full herein.

9.  On or about April 9, 1997, the defendant submitted and caused to be submitted a Retail Installment Contract and Security Agreement ('the Retail Installment Contract") in which he falsely and fraudulently identified himself as Sean Duggan in order to cause and induce BNH to approve and to disburse proceeds from the $10,000 loan to Nault's.

10.  On or about April 9, 1997, in the District of New Hampshire and elsewhere, the defendant,

### KENNETH LAMARCHE,

did knowingly and intentionally make and caused to be made a material false statement and report for the purpose of influencing the action of BNH in connection with the defendant's application for the $10,000 loan, in that the defendant submitted and caused the Retail Installment Contract to be submitted to BNH in order to give BNH the false impression that BNH was making the $10,000 loan to Sean Duggan.

All in violation of Title 18, United States Code, Section 1014.

*18:1014.F*

3

## COUNT III
### 18 U.S.C. §2312
**[Interstate Transportation of a Stolen Vehicle]**

11. Paragraph 1 of this Indictment is realleged and incorporated as if set forth in full herein.

12. From on or about February 13, 1997 to on or about July 22, 1997, in the District of New Hampshire, the defendant,

### KENNETH LAMARCHE,

transported a stolen Ford F150 Pick-up truck (Vehicle Identification Number 1FTDX1866VNA65585), from Lawrence, Massachusetts, to Nashua, New Hampshire, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Section 2312.

*18.2312.F*

4

## Count IV
## (18 U.S.C. §2314)
## [Interstate Transportation of Stolen Property]

13. Paragraph 1 of this Indictment is realleged and incorporated as if set forth in full herein.

14. From on or about July 9, 1997 to on or about July 25, 1997, in the District of New Hampshire and elsewhere, the defendant,

### KENNETH LAMARCHE,

unlawfully transported in interstate commerce from Nashua, New Hampshire, to Newbury, Massachusetts, a 1990 motor boat (Identification Number XMPM0962D989) and boat trailer (Vehicle Identification Number 1PHBW1T2XK2000065 ), stolen from the vicinity of 512 Amherst St., Nashua, New Hampshire, with an aggregate value of at least five thousand dollars ($5,000.00) or more, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Section 2314.

18:2314 F

5

**A TRUE BILL**

Foreperson of the Grand Jury

Dated: August 14, 1997

PAUL M. GAGNON
United States Attorney

Robert M. Kinsella
Assistant United States Attorney

6

AO 245C (Rev. 8/96) Sheet 1 - Amended Judgment in a ....inal Case

NOTE: Identify Changes with Asterisks (*)

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

# United States District Court

## District of New Hampshire

APR 30  4 39 PM '98

UNITED STATES OF AMERICA

v.

**Kenneth Lamarche**

**Date of Original Judgment:** 04/06/1998
(or Date of Last Amended Judgment)

### Reason for Amendment:

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

## AMENDED JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number:  **1:97CR00101-001**

**Michael J. Sheehan, Esq.**

Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to  ☐ 28 U.S.C. § 2255,
☐ 18 U.S.C. § 3559(c)(7), or   ☐ Modification of Restitution Order

## THE DEFENDANT:

☒ pleaded guilty to count(s)    _1, 3, 4_

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1014 | False Statements to a Federally Insured Institution | 04/09/1997 | 1 |
| 18 U.S.C. § 2312 | Interstate Transportation of a Stolen Vehicle | 07/22/1997 | 3 |
| 18 U.S.C. § 2314 | Interstate Transportation of Stolen Property | 07/25/1997 | 4 |

The defendant is sentenced as provided in pages 2 through   _7_  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  _2_ _____   is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:    **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**

Defendant's Date of Birth:    **02/14/1969**

Defendant's USM No.:    **21718-038**

Defendant's Residence Address:

**16 Hazelwood Street, Apt. #4**

**Dracut**                    **MA**        **01826**

Defendant's Mailing Address:

**16 Hazelwood Street, Apt. #4**

**Dracut**                    **MA**        **01826**

04/06/1998
Date of Imposition of Judgment

Signature of Judicial Officer

**Steven J. McAuliffe**

**U.S. District Judge**
Name & Title of Judicial Officer

April 30, 1858

Date

CERTIFIED TO BE A TRUE COPY
JAMES R. STARR, CLERK
BY: DEPUTY CLERK

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 2 - Imprisonment          (NOTE: Identify Changes with Asterisks (*))

Judgment-Page ___2___ of ___7___

DEFENDANT:        **Kenneth Lamarche**
CASE NUMBER:      **1:97CR00101-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____33___ **month(s)**_____ .

**\*On each of Counts 1, 3, and 4, to be served concurrently with each other.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 3 - Supervised Release                (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __3__ of __7__

DEFENDANT:      **Kenneth Lamarche**
CASE NUMBER:    **1:97CR00101-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____ **3**  **year(s)** .

**On each of Counts 1, 3, and 4, to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page   4

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 3 - Supervised Release

Judgment-Page __4__ of __7__

DEFENDANT:        **Kenneth Lamarche**
CASE NUMBER:      **1:97CR00101-001**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 5, Part A - Criminal Monetary Penalties                    (NOTE: Identify Changes with Asterisks (*))

Judgment-Page ___5___ of ___7___

DEFENDANT:        **Kenneth Lamarche**
CASE NUMBER:      **1:97CR00101-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $        300.00 | $ | $        9,463.22 |

☐  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . .    $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of        $_____0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  The interest requirement is waived.

☐  The interest requirement is modified as follows:

# RESTITUTION

☐  The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| People's Heritage Bank |  | $5,113.22 |  |
| Seaco Insurance Company |  | $4,350.00 |  |
| **Totals:** | $_____ | $_____9,463.22 |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 5, Part B - Criminal Monetary Penalties                    (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __6__ of __7__

DEFENDANT:       **Kenneth Lamarche**
CASE NUMBER:     **1:97CR00101-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☐  in full immediately; or

B  ☒  $ ____**300.00**____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☒  in installments to commence ___**30**___ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**All financial penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord NH 03301. Payment shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court. Personal checks are not acceptable.**

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 6 - Statement of Reasons

(NOTE: Identify Changes with Asterisks (*))

Judgment-Page __7__ of __7__

DEFENDANT:      **Kenneth Lamarche**
CASE NUMBER:    **1:97CR00101-001**

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:      **13**

Criminal History Category:      **6**

Imprisonment Range:   **33 to 41 months**

Supervised Release Range:   **3 to 5 years**

Fine Range: $ ____**4,000.00**____ to $ ___**1,000,000.00**___

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ____**9,463.22**____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):